**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DELANO EUGENE HALL,**

      **Plaintiff,**

      v.                                                                                    **CASE NO.  20-3194-SAC**

**STATE OF KANSAS,
et. al,**

      **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Delano Eugene Hall is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given an opportunity to file a proper amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Winfield Correctional Facility in Winfield, Kansas ("WCF").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 4.)  Plaintiff filed a Motion (Doc. 3) setting forth additional allegation and the damages he is seeking in this case.  The Court denies the motion to the extent Plaintiff is seeking relief, but will consider the document as a supplement to his Complaint.

Plaintiff alleges that he was wrongfully convicted.  Plaintiff alleges that Defendants "falsely arrested [him] on April 18, 2013, for an imaginary crime, prosecuted [him], and convicted [him] of rape, sodomy, aggravated battery, and kidnapping with no evidence."

1

Plaintiff alleges that his conviction was "reversed and dismissed" on March 17, 2017, and he gave thirty-three and a half years back to the state of Kansas.

Plaintiff names as Defendants:  the State of Kansas; Shannon Wilson, Sedgwick County District Attorney's Office; Sara J. Oldrige, Wichita Police Department; and Tricia Tiede, Wichita Police Department.  Plaintiff is seeking 2.5 million dollars in punitive damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. State of Kansas

The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Because Plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, he must show cause why this defendant should not be dismissed from this action.

### 2. Prosecutor

Plaintiff names the county prosecutor as a defendant. Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function. Plaintiff is directed to show cause why his claims against the county prosecutor should

not be dismissed based on prosecutorial immunity.

### 3. Heck Bar and Habeas Nature of Claim

To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck*, the United States

Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.

Plaintiff alleges that his conviction was "reversed and dismissed" on March 17, 2017. The Kansas Court of Appeals ("KCOA") entered a Memorandum and Order on March 17, 2017, in Case No. 113,111.  The KCOA's opinion states that following a bench trial, Plaintiff was convicted of rape, aggravated kidnapping, aggravated battery, and aggravated criminal sodomy. *State v. Hall*, Case No. 113,111, at p.1 (Kan. Ct. App. March 17, 2017).  On October 31, 2014, Plaintiff was sentenced to 391 months in prison followed by lifetime postrelease supervision.  *Id*. at 4.  The KCOA found that the district court erred when it sustained the State's motion to enforce Plaintiff's jury trial waiver, and remanded to allow Plaintiff to withdraw his jury trial waiver and for further proceedings.  *Id*. at 2, 16.  The KCOA also found that "when viewed in the light most favorable to the prosecution, there is substantial competent evidence upon which a rational factfinder could have found Hall guilty, beyond a reasonable doubt, of rape, aggravated kidnapping, aggravated criminal sodomy, and aggravated battery."  *Id*. at 18.

A Kansas District Court Records Search shows that on November 6, 2017, upon receipt of the KCOA's mandate, Plaintiff's criminal case was reinstated, the status was changed to "pending/reopened" and a jury trial was scheduled for January 2, 2018.  *State v. Hall*, Case

No. 2013-CR-001034 (Sedgwick County District Court).  After multiple motions were filed and continuances were granted, the jury trial was rescheduled for February 19, 2019.  *Id*.  Plaintiff's charges were amended and a plea was entered prior to trial on February 19, 2019.  *Id*.  Plaintiff alleges that he never pled guilty to rape or sodomy, and those charged were dismissed on August 29, 2019 "for a plea for aggravated battery and kidnapping due to incompetent counsel." (Doc. 3, at 2.)  Plaintiff was sentenced on March 8, 2019 to KDOC custody, and Plaintiff filed a Notice of Appeal on March 11, 2019.  On July 20, 2020, the district court received the mandate from the KCOA in Case No. 20-122398-A.  The opinion of the KCOA affirmed in part and dismissed in part.  *State v. Hall*, Case No. 122,398 (Kan. Ct. App. June 1, 2020).  The docket in Plaintiff's underlying criminal case shows pending motions filed on August 5, 2020, and September 2, 2020.

Plaintiff's case was remanded, his charges based on the same incident were amended, and he pled guilty to the amended charges.  This situation is distinguishable from a case where the charges were dismissed and plaintiff entered a plea agreement on *unrelated* charges.  *Cf. Butler v. Compton*, 482 F.3d 1277, 1281 (10th Cir. 2007) ("Mr. Butler's conviction on unrelated charges may not form the basis for the application of *Heck* where there is no challenge to that conviction in Mr. Butler's § 1983 action.").  Plaintiff in this case is seeking damages for the time he was detained and incarcerated.  However, Plaintiff was detained based on the incident for which he was ultimately convicted.  *See Wilkins v. City of Tempe*, No. CV 09-00752-PHX-MHM, 2010 WL 94116, at *3 (D. Ariz. Jan. 6, 2010) (distinguishing *Butler* and finding that "[t]he fact that the crimes which Plaintiff ultimately plead guilty to were not the ones with which he was originally charged is irrelevant; his conviction, unlike the one in *Butler*, arises out of the same incident that led to the original charges").  If this Court were to find that Plaintiff was

7

entitled to damages for being detained and incarcerated, the invalidity of his criminal convictions would be necessarily implicated. *See Wingo v. Mullins*, No. 09-CV-445-GKF-TLW, 2009 WL 4404278, at *2 (N.D. Okla. Nov. 25, 2009) ("To the extent Plaintiff claims that the conduct of Defendants . . . destroyed his business, the Court concludes that any damage to Plaintiff's business which arose prior to his convictions is 'inextricably intertwined' with the allegations resulting in his conviction.") (citation omitted).  "The Court finds Plaintiff has failed to demonstrate that he suffered an actual compensable injury unrelated to his conviction and imprisonment which would survive the holding of *Heck*." *Id*.   Plaintiff is directed to show cause why this matter should not be dismissed as barred by *Heck*.

**4. Younger Abstention**

The Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Case No. 2013-CR-001034 is still pending with motions filed on August 5, 2020, and September 2, 2020.  *State v. Hall*, Case No. 2013-CR-001034 (Sedgwick County District Court).  Therefore, it appears that the first and

second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). Plaintiff's claim may be stayed pending the resolution of the pending criminal charges. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper

amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]

Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion (Doc. 3) is **denied** to the extent Plaintiff seeks relief.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 9, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **October 9, 2020**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3194-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED**.

**Dated September 11, 2020, in Topeka, Kansas.**

                                           **s/ Sam A. Crow**
                                           **Sam A. Crow**
                                           **U.S. Senior District Judge**