IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DELANO EUGENE HALL,

      Plaintiff,

      v.                                CASE NO.  20-3194-SAC

STATE OF KANSAS,
et. al,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Winfield Correctional Facility in Winfield, Kansas ("WCF").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 4.)  On September 11, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff an opportunity to show cause why his Complaint should not be dismissed or to file a proper amended complaint to cure the deficiencies set forth in the MOSC.  This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 6).  The Court's screening standards are set forth in detail in the Court's MOSC.

Plaintiff alleged in his Complaint that he was wrongfully convicted and Defendants "falsely arrested [him] on April 18, 2013, for an imaginary crime, prosecuted [him], and convicted [him] of rape, sodomy, aggravated battery, and kidnapping with no evidence." Plaintiff alleges that his conviction was "reversed and dismissed" on March 17, 2017, and he gave thirty-three and a half years back to the state of Kansas.  In his Complaint, Plaintiff named as Defendants:  the State of Kansas; Shannon Wilson, Sedgwick County District Attorney's Office; Sara J. Oldrige, Wichita Police Department; and Tricia Tiede, Wichita Police

Department.  Plaintiff sought 2.5 million dollars in punitive damages.

The Court found in the MOSC that the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment, and because Plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, he must show cause why this defendant should not be dismissed from this action.  The Court also found that Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.

The Court also found in the MOSC that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  The Court has also informed Plaintiff in his previous case that his attempts to attack his conviction and sentence must be brought in a habeas action. *See Hall v. Frieden*, Case No. 14-3171-SAC-DJW (D. Kan.) (Doc. 11, at 5).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983

action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.   In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.

The Court noted in the MOSC that Plaintiff alleges that his conviction was "reversed and dismissed" on March 17, 2017.  The Court found that Plaintiff's case was remanded, his charges based on the same incident were amended, and he pled guilty to the amended charges.  This situation is distinguishable from a case where the charges were dismissed and plaintiff entered a plea agreement on *unrelated* charges.  *Cf. Butler v. Compton*, 482 F.3d 1277, 1281 (10th Cir. 2007) ("Mr. Butler's conviction on unrelated charges may not form the basis for the application of *Heck* where there is no challenge to that conviction in Mr. Butler's § 1983 action.").  Plaintiff in this case is seeking damages for the time he was detained and incarcerated.  However, Plaintiff was detained based on the incident for which he was ultimately convicted.  *See Wilkins v. City of Tempe*, No. CV 09-00752-PHX-MHM, 2010 WL 94116, at *3 (D. Ariz. Jan. 6, 2010) (distinguishing *Butler* and finding that "[t]he fact that the crimes which Plaintiff ultimately plead guilty to were not the ones with which he was originally charged is irrelevant; his conviction, unlike the one in *Butler*, arises out of the same incident that led to the original charges").  If this Court were to find that Plaintiff was entitled to damages for being detained and incarcerated, the invalidity of his criminal convictions would be necessarily implicated.  *See Wingo v. Mullins*, No. 09-CV-445-GKF-TLW, 2009 WL 4404278, at *2 (N.D. Okla. Nov. 25, 2009) ("To the

3

extent Plaintiff claims that the conduct of Defendants . . . destroyed his business, the Court concludes that any damage to Plaintiff's business which arose prior to his convictions is 'inextricably intertwined' with the allegations resulting in his conviction.") (citation omitted). "The Court finds Plaintiff has failed to demonstrate that he suffered an actual compensable injury unrelated to his conviction and imprisonment which would survive the holding of *Heck*." *Id.*

In his Amended Complaint, Plaintiff argues that he is actually innocent, that he was harmed by a forced plea, and that he was wrongfully convicted by perjurious testimony and illegal violations of evidence tampering. (Doc. 6, at 22.)  Plaintiff's arguments center around the evidence presented at his criminal trial, including testimony and phone records.  Plaintiff still seeks 2.5 million dollars in damages for wrongful conviction.

Despite the findings in the Court's MOSC regarding the immunities enjoyed by the State of Kansas and the prosecutor, Plaintiff continues to name them as Defendants.  He has also added as a defendant the complaining witness, Nancy Fantroy.  A complaining witness likewise enjoys immunities.  "[A]ll witnesses enjoy absolute immunity from civil liability under § 1983 for their testimony in a prior trial." *Hunt v. Bennett*, 17 F.3d 1263 (10th Cir. 1994) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)).

Plaintiff was informed in his prior suit that Fantroy is not a proper defendant.  *See Hall v. Fantroy*, Case No. 17-3067-SAC-DJW (D. Kan.) (Doc. 7, at 3–4) (finding that Defendant Fantroy does not act under color of state law for purposes of § 1983), (Doc. 9, at 2–3) (finding that Fantroy was not acting under color of state law and citing *Camick v. Wattley*, No. 13–2362–JAR–JPO, 2014 WL 1343274, at *2 (D. Kan. April 4, 2014) (finding a private citizen "does not engage in state action simply by availing herself of a state procedure," and acts of reporting theft and providing information to State authorities are insufficient to establish state action) and *Meeks*

*v. Community America Credit Union*, No. 12–3108–SAC, 2014 WL 644982, at *1 (D. Kan. Feb. 19, 2014) (finding that "neither reporting a crime to law enforcement authorities nor acting as a witness to criminal activity by other than a 'state actor' amounts to a cognizable claim under § 1983.").

Plaintiff alleges that his state criminal case was "reversed and dismissed" on March 17, 2017.  The Court has found that to be an inaccurate description of his state criminal proceedings. However, even if that were the case, he did not file this case until July 20, 2020.  The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).  The same two-year statute of limitations governs actions under 42 U.S.C. § 1985.  *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action."  *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred

by the statute of limitations.  *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC.  The MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 5, at 10.)  The Court finds that this matter must be dismissed for failure to state a claim.  Plaintiff's Motion for Discovery (Doc. 7) and Motion (Doc. 8) seeking discovery of phone records are denied as moot.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery (Doc. 7) and Motion (Doc. 8) seeking discovery of phone records are **denied** as moot.

**IT IS SO ORDERED**.

**Dated November 4, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**